1:26-cr-00007
Judge Manish S. Shah
Magistrate Judge Young B. Kim
RANDOM/Cat 3



FILED
1/6/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JKS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KINGA POLITANSKA | No.<br><br>Violations: Title 18, United States Code, Sections 641 and 1343 |

## COUNTS ONE THROUGH FIVE

The SPECIAL NOVEMBER 2025 GRAND JURY charges that:

1. At times material to this indictment:

### *The Small Business Administration*

a. The U.S. Small Business Administration ("SBA") was a United States government agency that provided economic support to small businesses.

### *The Economic Injury Disaster Loan Program*

b. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic.

c. A source of relief provided by the CARES Act and other pandemic-relief legislation was the expansion of the Economic Injury Disaster Loan ("EIDL") Program, which provided loan assistance (including advances of up to $10,000) for businesses with 500 or fewer employees and other eligible entities. The EIDL Program was designed to provide economic relief to small businesses that were experiencing a temporary loss of revenue.

d. To gain access to funds through the EIDL Program, small businesses applied through the SBA via an online portal and application. As part of the EIDL application process, the SBA required applicants to submit truthful information about the applying entity, its owner, and its financial condition prior to the COVID-19 pandemic. This information included the entity's number of employees as of January 31, 2020; the entity's gross revenues and cost of goods sold for the 12-month period prior to January 31, 2020; and the entity's type of business (i.e., a business, an agricultural business, a sole proprietorship, a cooperative, among others); the date on which the business opened; and the date on which the current owner assumed ownership of the entity. Applicants were required to electronically certify that the information provided in the application was true and correct and were warned that a false statement or misrepresentation to the SBA may result in sanctions, including criminal penalties.

e. The SBA required applicants for EIDL loans to provide truthful information about the sole proprietorship, self-employed individual, or business and its owner, including truthful information about the applicant's number of employees, costs of goods sold, and gross revenues, which information was material to the SBA's approval, terms, and funding of loans.

f. EIDL funds were issued to small-business applicants directly from the United States Treasury.

g. If an EIDL application was approved by the SBA, the amount of the EIDL loan was determined in part based on the statements in the EIDL

application about the entity's revenues and cost of goods sold for the 12 months prior to January 31, 2020.

        h.     EIDL loan funds could be used to pay for the ordinary operating expenses and debts of the entity, including payroll, sick leave, production costs, utilities, rent, mortgage payments, continuation of health care benefits, and fixed debt payments.

### *Defendant and Purported EIDL Borrowers*

        i.     Defendant KINGA POLITANSKA was a resident of the Northern District of Illinois.

        j.     Angie Playground, Inc., A L N Freight, Inc., AG Solutions Holdings, Inc., and Angie Café are together, the "purported EIDL borrowers."

### *The Scheme to Defraud*

    2.     Beginning in or around July 2020, and continuing through in or around March 10, 2021, at Park Ridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

KINGA POLITANSKA,

defendant herein, and others known and unknown to the Grand Jury, knowingly devised, intended to devise, and participated in a scheme to defraud, and to obtain money and property, in connection with applications for EIDL funds, by means of materially false and fraudulent pretenses, representations, and promises, as further described below.

3. It was part of the scheme that POLITANSKA, for the purpose of fraudulently obtaining EIDL funds, submitted, and caused to be submitted to the SBA approximately six loan applications under the EIDL Program, on behalf of businesses and entities purportedly owned and operated by POLITANKSA and others, which POLITANSKA knew contained materially false statements and misrepresentations concerning, among other things, the purported entities' number of employees, gross income, gross revenues, payroll, cost of goods sold, operating expenses, type of business, and existence as companies with ongoing operations.

4. It was further part of the scheme that POLITANSKA prepared, and submitted, and caused to be prepared to submit to the SBA, false and fraudulent EIDL loan applications, and supporting documentation, on behalf of four purported EIDL borrowers, which POLITANSKA purported to operate, including Angie Playground, Inc., A L N Freight, Inc., AG Solutions Holdings, Inc., and Angie Café.

5. It was further part of the scheme that POLITANSKA prepared, and submitted, and caused to be prepared to submit to the SBA, applications for EIDL loans on behalf of the purported EIDL borrowers in which applications she made false statements regarding the dates on which those entities opened for business, the entities' gross revenues and costs of goods sold for the 12 months prior to January 31, 2020, and the number of employees employed by those entities as of January 31, 2020. POLITANSKA knew at the time that the purported EIDL borrowers were not operating companies, did not open for business on the dates indicated, had no

employees, and did not have the revenues or cost of goods sold stated in the applications.

6. It was further part of the scheme that, through the submission of the false and fraudulent EIDL loan application on behalf of purported EIDL borrower Angie Playground, Inc., POLITANSKA caused the SBA to disburse at least approximately $149,900 in EIDL loans.

7. It was further part of the scheme that POLITANSKA used those EIDL funds to make cash withdrawals and transfers for her personal use and benefit, and not for purposes related to the business of the purported EIDL borrower.

8. It was further part of the scheme that, through the submission of the false and fraudulent EIDL loan applications on behalf of purported EIDL borrowers A L N Freight, Inc., AG Solutions Holdings, Inc., and Angie Café, POLITANSKA attempted to fraudulently obtain at least approximately $450,000 in additional EIDL loans.

9. It was further part of the scheme that POLITANSKA misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence and purpose of the scheme and the acts done in furtherance of the scheme.

10. On or about the dates set forth below, in the Northern District of Illinois, Eastern Division, and elsewhere, KINGA POLITANSKA, defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, and

signals, listed below, each such writing, sign, and signal constituting a separate count:

| COUNT | DATE | TRANSMISSION |
|---|---|---|
| One | July 15, 2020 | An internet transmission of Angie Playground, Inc.'s EIDL application |
| Two | August 10, 2020 | An internet transmission of A L N Freight, Inc.'s EIDL application |
| Three | September 6, 2020 | An internet transmission of AG Solutions Holdings, Inc.'s EIDL application |
| Four | September 23, 2020 | An internet transmission of AG Solutions Holdings, Inc.'s EIDL application |
| Five | December 14, 2020 | An internet transmission of AG Solutions Holdings, Inc.'s EIDL application |

In violation of Title 18, United States Code, Section 1343.

## COUNT SIX

The SPECIAL NOVEMBER 2025 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 9 of Counts One through Five are incorporated here.

2. On or about August 6, 2020, at Park Ridge, in the Northern District of Illinois, Eastern Division, and elsewhere,

KINGA POLITANSKA,

defendant herein, did knowingly and willfully embezzle, steal, purloin, and convert to her own use or use of another, money of the United States, namely, approximately $149,900 in funds administered by the Small Business Administration, which funds defendant was not entitled to receive;

In violation of Title 18, United States Code, Section 641.

A TRUE BILL:

_____
FOREPERSON

_____
Signed by Rick D. Young for the
UNITED STATES ATTORNEY